# PHILLIPS *a.* BENEDICT.

*Supreme Court, First District; General Term, June,* 1861.

### ARREST.—FRAUDULENT DISPOSITION OF PROPERTY.

Circumstances of a transfer by the debtors of their stock of goods, which was *held* to be a fraudulent disposition of their property, which rendered them liable to arrest.

Appeal from an order of arrest.

The facts appear in the opinion.

BY THE COURT.*—CLERKE, P. J.—While I am not, by any means, confident that the order of arrest is sustainable on the

---

* Present, CLERKE, SUTHERLAND, and ALLEN, JJ.

ground of false representations in contracting the debt, I think
it should be upheld on the ground of the fraudulent disposition
of property. Farnam, one of the defendants, indeed, denies that
he made the admissions relative to this latter point, which Phil-
lips, one of the plaintiffs, alleges and particularly sets forth in
his affidavits. But, these admissions are emphatically detailed
and confirmed by Moss, who was present when Farnam came
to plaintiffs' store, for the purpose of requesting of them to
countermand the order transmitted by telegraph to return the
goods. On that occasion he said that the defendants had made
the transfer simply for the purpose of keeping their stock out of
the hands of their creditors, that it was really the same as if
they still owned the goods, and that the defendants were still in
possession. This allegation of the plaintiff is, as I have said,
contradicted by the defendant; but as the former is corroborated
by the testimony of an indifferent person, whose character is
unimpeached, we cannot hesitate to disregard the denial of the
latter. Besides, I think the whole circumstances of the trans-
action further corroborate the plaintiff's representations.

The firm to which the alleged sale was made seems to have
been manufactured for the occasion: the notes given for the
purchase, instead of passing directly to defendants, were given
to Sutton, of which some, to the amount of $2,700 or $2,800,
were retained by him, in payment of an alleged indebtedness of
defendants to him; and the remainder, amounting to about
$7,000, were given back to Orrin Benedict, one of the purchasers,
for an alleged indebtedness to him. No proof whatever is of-
fered to show the existence of this indebtedness to Sutton
and Orrin Benedict, except their incidental assertions. The
defendants, as well as Sutton and Orrin Benedict, in their affi-
davits, carefully avoid all allusion to this disposition of the
notes; and it is only proved by William F. Taylor, an attorney
in Connecticut, who testifies to admissions made by Sutton and
Orrin Benedict, at an examination before the Superior Court of
Fairfield county, in that State. I think it also a suspicious cir-
cumstance, that although there was a written transfer of the
goods, and although it is particularly stated that it was intended
the new firm should add to the stock and continue the business
precisely as before, nothing is said of an assignment or convey-
ance of the premises in which the goods were situated and the

business was conducted. It is, indeed, alleged that they took possession; but they do not tell us how. If they had not the legal right to occupy the store, if it still remained Benedict & Farnam's, and if the goods were not removed, there was scarcely a sufficient legal change of possession.

Altogether the circumstances are confirmatory of the statements alleged to have been made by Farnam, in the presence of Phillips and Moss.

The order of the special term should be affirmed.

ALLEN, J., concurred.

SUTHERLAND, J.—I do not concur in the foregoing opinion or its conclusion. I think the order at special term should be reversed.

Order affirmed.

---

* Present, CLERKE, SUTHERLAND, and INGRAHAM, JJ.